```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE
```

Matthew Henry Collanzo

    v.                                      Civil No. 10-cv-009-JL

Richard M. Gerry, Warden,
New Hampshire State Prison

### REPORT AND RECOMMENDATION

Before the court is pro se petitioner Matthew Henry Collanzo's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded.

See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

    To determine if a pleading filed pro se should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the allegations, construed liberally, <u>Erickson</u>, 551 U.S. at 94, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if the pleadings state a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Background

In 2006, Collanzo was convicted of multiple counts of aggravated felonious sexual assault, robbery, kidnapping, falsifying physical evidence, and misdemeanor sexual assault, following a jury trial.  He was sentenced to consecutive terms of imprisonment, amounting to a sentence of 150½ to 301 years in state prison.  Collanzo appealed to the New Hampshire Supreme Court ("NHSC"), and the NHSC affirmed his conviction.  See State v. Collanzo, No. 2007-0047 & -0813 (N.H. Feb. 23, 2009).

Collanzo thereafter filed this section 2254 petition for a writ of habeas corpus.  The petition challenges the validity of his convictions and sentence on the following bases[1]:

---

[1] The identification of the claims in this Report and Recommendation will be considered in this case to be the claims

1.   Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, in that the trial court: (a) denied Collanzo's request that the State prove "similar acts" language in certain indictments; and (b) denied a motion to quash or for a bill of particulars as to the indictments.

2.   Collanzo's convictions were obtained in violation of his federal constitutional rights as they were based on evidence seized in violation of the Fourth Amendment and not suppressed by the trial court, relating to:  (a) police observations and a search of his girlfriend's vehicle; and (b) a search of his home pursuant to a search warrant.

3.   Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, in that the trial court denied him access to police reports relating to a prior investigation ("2003 cases"), which Collanzo sought for the purpose of:  (a) challenging a search warrant; and (b) developing an overly zealous prosecution defense.

4.   Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, in that:

> (a) the trial court denied his motion for production of certain evidence favorable to him, known as Laurie materials, pursuant to State v. Laurie, 139 N.H. 325, 653 A.2d 549 (1995);
>
> (b) the trial court ruled that prosecutors need not review the personnel file of their DNA expert for exculpatory evidence; and

---

raised in the Petition (doc. no. 1) for all purposes.  If Collanzo disagrees with this identification, he must file an objection to the Report and Recommendation within fourteen (14) days of receipt of this notice, or properly move to amend his Petition.

   (c) the trial court ruled that the State had no obligation to notify Collanzo that an expert witness deposition had been corrected prior to the expert's testimony at trial.

5. Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, in that the trial court failed to suppress: (a) suggestive identification evidence; and (b) recordings of Collanzo's telephone calls while in jail.

6. Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, by the improper admission of the following evidence:

   (a) mitochondrial DNA evidence;

   (b) "physical match" opinion testimony;

   (c) evidence of cocaine residue on certain pieces of physical evidence;

   (d) evidence of Collanzo's cocaine use;

   (e) evidence that Collanzo was on probation;

   (f) evidence of Collanzo's change in appearance;

   (g) evidence that Collanzo's DNA had been seized by court order; and

   (h) a "Girls Gone Wild" video seized from Collanzo's girlfriend's vehicle.

7. Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, in that the trial court permitted the prosecutor to elicit the following testimony, which constituted impermissible vouching for the credibility of other testimony and evidence:

    (a) testimony concerning the professional consequences of police misconduct;

    (b) testimony that Collanzo's DNA was seized by court order; and

    (c) testimony that the DNA physical match evidence was 100% reliable.

8.   The admission of mitochondrial DNA testing through the DNA analyst's supervisor violated Collanzo's rights under the Confrontation Clause of the Sixth Amendment.

9.   Collanzo's convictions were obtained in violation of his rights to due process and a fair trial under the Sixth and Fourteenth Amendments, in that the following jury instructions were erroneous:

    (a) the kidnapping instruction;

    (b) the instruction on the element of penetration; and

    (c) the trial court's refusal to instruct on the suggestive nature of eyewitness identification, where the victim had watched media reports of Collanzo's arrest as the person who assaulted her.

10.   The evidence adduced at trial on the forcible assault indictments was insufficient, and the trial court erred in failing to dismiss these indictments based on the insufficiency of the evidence, in violation of Collanzo's right to due process and a fair trial under the Sixth and Fourteenth Amendments.

11.   Collanzo's convictions were obtained in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments, in that the trial court denied his motion for a new trial, or in the alternative, for discovery, in light of:

    (a) newly discovered evidence, concerning the ability of the New Hampshire State Police Laboratory to provide

       a copy of DNA analytic data in an electronic form; and

       (b) previously undisclosed, unsatisfactory proficiency test results for a police lab employee who testified at trial, which the trial court found was both exculpatory and knowingly withheld by the State.

    12.   Collanzo suffered a violation of his right to effective assistance of counsel under the Sixth Amendment.

## Discussion

### I. Nonfederal Claims

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is commonly said that 'mere' errors under state law in the admission of evidence are not cognizable under federal habeas review. This means that the question is not whether the admission of the evidence was state-law error, but whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause." Kater v. Maloney, 459 F.3d 56, 64 (1st Cir. 2006) (citations omitted).

I have construed Collanzo's claims challenging certain trial court rulings on the admission of evidence and the denial of

7

Collanzo's pre- and post-trial motions, as asserting violations of his right to due process and a fair trial under the Sixth and Fourteenth Amendments. Such claims are cognizable in a section 2254 proceeding. See Kater, 459 F.3d at 64 (claim regarding admission of evidence of prior conviction, asserting that admission of evidence was so prejudicial as to make his trial fundamentally unfair, is cognizable in section 2254 petition). In particular, I have construed Collanzo's claim regarding his motion for production of "Laurie materials" as implicating a federal claim arising under the Sixth and Fourteenth Amendments. See Laurie, 139 N.H. at 327, 653 A.2d at 550 (establishing state constitutional standard for reviewing claim analogous to federal constitutional requirement that prosecutors have duty to disclose evidence favorable to accused that is material to guilt or innocence (citing United States v. Bagley, 473 U.S. 667, 676 (1985); United States v. Agurs, 427 U.S. 97, 106-07 (1976); Brady v. Maryland, 373 U.S. 83, 87 (1963)). To the extent Collanzo seeks to challenge any trial court rulings purely on the ground that they were an abuse of discretion, violated his rights under the State constitution, or otherwise contravened state law, without implicating a claim of a violation of a federal right,

such claims are not cognizable in this case and should be dismissed. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief "does not lie for errors of state law").

## II. Fourth Amendment Claim (Claim 2)

Collanzo alleges that his Fourth Amendment rights were violated when the police obtained evidence from a search of his girlfriend's car, and from a search of his home pursuant to a search warrant. The trial court failed to suppress the evidence, and it was used to incriminate him at trial.

Where State courts have provided an opportunity to a federal habeas petitioner for full and fair litigation of a Fourth Amendment claim, the petitioner cannot obtain habeas corpus relief on the grounds that evidence obtained as a result of an unconstitutional search or seizure was introduced at his trial. See Stone v. Powell, 428 U.S. 465, 482 (1976); Sanna v. DiPaolo, 265 F.3d 1, 8 (1st Cir. 2001) ("a federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims."). "[T]here is an exception [to the Stone rule] for instances in which a habeas petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system." Sanna, 265 F.3d at 8. In addition,

a narrow exception exists for rare cases involving an egregious, unconscionable, "irretrievable breakdown" of the state court processes. Id. at 9. The petitioner bears the burden of proving that his or her case fits within the contours of these exceptions to the Stone rule. See id. at 10.

Here, Collanzo has alleged no facts suggesting that any exception to the Stone rule applies in his case. Collanzo had an opportunity to litigate his Fourth Amendment claim and availed himself of the opportunity. He filed motions to suppress the evidence at issue, the trial court ruled on the motions, and the NHSC affirmed his convictions after reviewing his arguments challenging the trial court's rulings. Collanzo's Fourth Amendment claim is not cognizable in a § 2254 petition. Accordingly, the court should dismiss Collanzo's Fourth Amendment claim, enumerated as Claim 2 above.

III. Exhaustion & Risks Relating to Piecemeal Petitions

To be eligible for habeas relief on his cognizable claims, Collanzo must show, for each claim: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.

See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). While Collanzo's imprisonment plainly satisfies the custody requirement, he has not yet demonstrated satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted). A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550

F.3d 154, 158 (1st Cir. 2008) (citation omitted), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (simply reciting facts underlying state claim, which might support either state or federal claim, is inadequate to constitute fair presentation of federal claim to state court). In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law. See Nadworny v. Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989). The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim. See id. at 1100.

The record before me on exhaustion includes only Collanzo's petition, supplemented with the NHSC decision on his direct appeal. The NHSC decision addresses the following issues only, relating to claims numbered 2, 3, 8, and 11 above: (a) the denial of his motion for discovery of police reports in the 2003 cases; (b) the failure to suppress evidence derived from the search of his girlfriend's car; (c) the admission of evidence of

12

DNA testing through the analyst's supervisor; and (d) the denial of his motion for a new trial or, in the alternative, discovery. The NHSC decision frames each issue as implicating only state law.  No citations to federal cases or federal constitutional provisions are included in the NHSC decision.  I conclude that Collanzo has not carried his burden of demonstrating exhaustion of any of his federal claims.

Collanzo may not proceed in litigating this section 2254 petition without demonstrating that he has exhausted each of the federal claims he has asserted.  Collanzo may demonstrate exhaustion to this Court, for example, by amending his petition and attaching copies of any briefs or other documents filed in the state courts that:  (1) cite pertinent federal cases, (2) refer to federal constitutional provisions, or (3) otherwise characterize his claims in a manner likely to have alerted the state courts to the federal aspects of each of his claims.

## Conclusion

Claim 2 should be dismissed, as well as any nonfederal claim that Collanzo has intended to assert.  Collanzo's remaining claims, enumerated as Claims 1 and 3-12 above, asserting violations of his Sixth Amendment right to confront witnesses

against him, Sixth Amendment right to effective assistance of counsel, and Sixth and Fourteenth Amendment rights to a fair trial and due process may not proceed until he demonstrates that the exhaustion requirement has been satisfied for each claim.  In my Order issued this date, I have granted Collanzo's motion to stay this action so that he may exhaust his state court remedies as to each federal claim.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ Justo Arenas
Justo Arenas
United States Magistrate Judge

Date: January 29, 2010

cc:   Matthew Henry Collanzo, pro se

JA:nmd