UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew H. Collanzo

   v.                                    Civil No. 10-cv-009-JL

Richard M. Gerry, Warden, New
Hampshire State Prison[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se petitioner Matthew H. Collanzo's amended petition for a writ of habeas corpus (doc. no. 17), filed pursuant to 28 U.S.C. § 2254. The matter is before the court for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] Collanzo named New Hampshire Department of Corrections Commissioner William Wrenn as the respondent to this action. The proper respondent is the New Hampshire State Prison Warden Richard M. Gerry, Collanzo's custodian. See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts. The court thus construes the petition to have named Gerry as respondent.

judge must dismiss the petition." Id.  In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

In 2006, a jury convicted Collanzo of aggravated felonious sexual assault, robbery, kidnapping, falsifying physical evidence, and misdemeanor sexual assault.  He was sentenced to consecutive terms of imprisonment, amounting to a sentence of 150½ to 301 years in state prison.  Collanzo appealed to the New Hampshire Supreme Court ("NHSC"), and that court affirmed his

conviction.  See State v. Collanzo, Nos. 2007-0047 & 2007-0813 (N.H. Feb. 23, 2009).

Collanzo next filed a § 2254 petition (doc. no. 1) in this court.  This court, finding that Collanzo had not exhausted his state court remedies, stayed that petition to allow Collanzo to return to the state courts to exhaust his federal claims.  Collanzo then filed a state habeas corpus petition, which the superior court denied on May 4, 2012.  On August 16, 2012, the NHSC declined to accept Collanzo's discretionary appeal of the order denying his state habeas petition.  See Collanzo v. Comm'r, No. 2012-0435 (N.H. Aug. 16, 2012).

Thereafter, Collanzo filed this amended petition (doc. no. 17).  The amended petition, which replaces the original petition in this case, challenges the validity of Collanzo's convictions and sentence on the following bases[2]:

    1.   The trial court erred by denying Collanzo's motion for discovery in cases dating back to 2003, in violation of

---

[2]This court has construed Collanzo's reference to his right to due process in Claims 2-7 herein as intending to invoke the Fourteenth Amendment, and not the Fifth Amendment.  In addition, the court has construed Claim 1 herein as intending to assert violations of Collanzo's Sixth and Fourteenth Amendment rights, and not his Fourth or Fifth Amendment rights.  To the extent that Collanzo intended to assert any Fifth Amendment claims in this action, or a Fourth Amendment claim in Claim 1, such claims should be dismissed, as the facts alleged in the amended petition with respect to those claims do not give rise to any possible violation of Collanzo's Fourth or Fifth Amendment rights.

3

Collanzo's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

2.  The trial court erred by denying Collanzo's motion to suppress the fruits of a search that violated his Fourth Amendment right to be free from unreasonable searches and seizures, in violation of Collanzo's Fourteenth Amendment right to due process.

3.  The trial court erred by allowing evidence of mitochondrial DNA testing to be introduced through the DNA analyst's supervisor, in violation of Collanzo's Fourteenth Amendment right to due process and Sixth Amendment right of confrontation.

4.  The trial court erred by denying Collanzo's motion for a new trial, or, in the alternative, discovery, based on newly discovered and undisclosed impeachment evidence, in violation of Collanzo's right to due process under the Fourteenth Amendment, and right to a fair trial under the Sixth Amendment.

5.  The trial court erred in denying Collanzo's motion to suppress a suggestive identification, in violation of Collanzo's right to due process under the Fourteenth Amendment.

6.  The trial court violated Collanzo's right to due process under the Fourteenth Amendment, by imposing an excessive sentence.

7.  The prosecutor engaged in misconduct, in that: (a) the prosecutor's summation included improper argument; and (b) the prosecutor knowingly presented false testimony, in violation of Collanzo's Fourteenth Amendment right to due process.

8.  Collanzo's trial counsel failed to conduct an adequate investigation by: (a) failing to consult with a forensic expert as to the DNA evidence, and (b) failing to have evidence tested by an independent source, in violation of Collanzo's Sixth Amendment right to the effective assistance of counsel.

**Discussion**

I.  Fourth Amendment (Claim 2)

Collanzo alleges in Claim 2, numbered above, that his Fourth Amendment rights were violated when the trial court denied his motion to suppress the fruits of an illegal search of a car. Collanzo asserted an identical claim in his original habeas corpus petition (doc. no. 1) in this case, which was dismissed. See Order (doc. no. 5). The record provides no basis for reconsidering that order. Accordingly, the court should dismiss Claim 2.

II. Exhaustion (Claims 1 and 3-8)

To be eligible for habeas relief on Claims 1 and 3-8 above, Collanzo must show that he has either exhausted all of his state court remedies as to those claims, or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

> A claim for habeas corpus relief has been exhausted where the claim has been fairly presented to the state courts. Fair presentation means that the petitioner must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Dutil, 550 F.3d at 158 (citations and quotation marks omitted). A petitioner's remedies in New Hampshire are exhausted when the

NHSC has had an opportunity to rule on the federal claims. See id. at 157.

Collanzo has demonstrated that he has effectively exhausted his state court remedies as to the federal claims numbered 3 and 5-8 above, by raising those federal claims in his post-conviction litigation in the state courts. As to Claims 1 and 4 above, though, Collanzo did not directly raise the federal claims therein in the state courts. However, the relevant standards applied by the NHSC in affirming Collanzo's conviction, with respect to the issues asserted in Claims 1 and 4, are essentially the same as the federal standards that are applied to such claims raising federal due process issues. See, e.g., Chapman v. California, 386 U.S. 18 (1967) (harmless error standard for trial errors alleged to violate constitutional rights); see also Smith v. Cain, 132 S. Ct. 627, 630 (2012) (state violates defendant's due process right when it withholds evidence that is favorable to the defense and material to guilt). Therefore, the court finds that Collanzo has fairly presented the issues in Claims 1 and 4 to the NHSC, and has thus demonstrated exhaustion of his state court remedies as to those claims. Cf. Coningford, 640 F.3d at 483 (district court may find exhaustion of state remedies, if constitutional analysis necessary to resolve ultimate question posed in habeas petition and in state court proceedings was substantially the same).

Collanzo has sufficiently demonstrated exhaustion of Claims 1 and 3-8 to allow them to proceed at this time.

## Conclusion

For the foregoing reasons, Claim 2 should be dismissed. The remaining claims may proceed, and, in an order issued simultaneously with this report and recommendation, the court directs that those claims be answered by respondent.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2013

cc: Matthew Henry Collanzo, pro se

LBM:nmd