UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew H. Collanzo

   v.                                         Civil No. 10-cv-009-JL

Richard M. Gerry, Warden, New
Hampshire State Prison[1]

**O R D E R**

Before the court is pro se petitioner Matthew H. Collanzo's amended petition for a writ of habeas corpus (doc. no. 17), filed pursuant to 28 U.S.C. § 2254. The matter is before the court for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

Also pending is Collanzo's motion for appointed counsel (doc. no. 18). The court construes Collanzo's intent, in filing an amended petition and in moving for an appointment of counsel, to further request that this court lift the stay in this action, and direct service of the petition upon the respondent.

---

[1] Collanzo named New Hampshire Department of Corrections Commissioner William Wrenn as the respondent to this action. The proper respondent is the New Hampshire State Prison Warden Richard M. Gerry, Collanzo's custodian. See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts. The court thus construes the petition to have named Gerry as respondent.

**Discussion**

I.  Stay and Service

This court stayed Collanzo's initial petition (doc. no. 1), after finding that Collanzo had not exhausted his state court remedies. For reasons set forth in the report and recommendation issued this date, Collanzo, in his amended § 2254 petition (doc. no. 17), has demonstrated exhaustion of his state court remedies to allow the petition to proceed at this time. Accordingly, the court lifts the stay, and directs this matter to proceed as set forth below.[2] The amended petition (doc. no. 17) shall be served upon New Hampshire State Prison Warden Richard M. Gerry, who shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition). The clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, an electronic copy of:  this order; the report and recommendation issued this date; and the amended habeas petition and the exhibits attached thereto (doc. no. 17).

---

[2]In the report and recommendation, the court recommends that Claim 2, as numbered therein, be dismissed from this action and that respondent be directed to answer Claims 1 and 3-8.

The Warden shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

II.  Appointment of Counsel

"'[T]here is no constitutional right to representation by counsel in habeas corpus proceedings,' and [the Criminal Justice Act, 18 U.S.C.] § 3006A(a)(2) only requires appointment of counsel for a financially eligible person if 'the interests of justice so require.'"  United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam) (citation omitted).  In civil cases, indigent plaintiffs are not entitled to counsel, unless they show that there are extraordinary circumstances, such that a denial of counsel is likely to result in fundamental unfairness.

DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991).  The rules governing federal habeas proceedings do not require counsel's appointment for an indigent petitioner, unless the court finds that an evidentiary hearing is warranted.  See § 2254 Rule 8(c).

Here, Collanzo seeks counsel's appointment because, he asserts, he is indigent, incarcerated, lacks the ability to adequately represent himself or present claims, and anticipates an evidentiary hearing.  Collanzo, however, has demonstrated an ability to present his claims cogently and concisely in the documents he has filed both in this case and in the state courts.  No extraordinary circumstances are present at this time necessitating an appointment of counsel to avoid fundamental unfairness, and Collanzo has not shown that the interests of justice require such an appointment at this time.  Accordingly, the court denies the motion for an appointment of counsel (doc. no. 18), without prejudice to Collanzo's refiling the motion if an evidentiary hearing is scheduled, or if he otherwise shows that the interests of justice warrant counsel's appointment.

## Conclusion

For reasons stated above, and in the report and recommendation issued this date, the court lifts the stay in this action and directs service of the petition upon Warden

Richard Gerry.  The court also denies the motion to appoint counsel (doc. no. 18), without prejudice.

    SO ORDERED.

                                  _____  
                                  Landya McCafferty  
                                  United States Magistrate Judge

January 31, 2013

cc:   Matthew Henry Collanzo, pro se

LBM:nmd